**Bonnie SOLOMON, Plaintiff–Appellant,**

v.

**GIORGIO ARMANI CORPORATION, Giorgio Armani, John Does 1–5, Defendants–Appellees.**

No. 01–7064.

United States Court of Appeals, Second Circuit.

Oct. 1, 2001.

Nehemiah S. Glanc, New York, NY, for appellant.

Frances Mary Maloney; Ronald M. Green, Traycee Ellen Klein, on the brief, Epstein, Becker & Green, New York, NY, for appellee.

Present THOMAS J. MESKILL, DENNIS JACOBS and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of said District Court be and hereby are AFFIRMED.

Bonnie Solomon appeals from the District Court's grants of summary judgment in favor of defendants on September 29, 2000 and December 21, 2000. Final judgment was entered on December 29, 2000, and this timely appeal followed. Solomon brought this action against defendants for, among other things, employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.;* New York State's Human Rights Law, N.Y. Exec. § 290 *et seq.;* and New York City's Human Rights Law, N.Y.C. Admin. Code § 8–101 *et seq.* She alleged that she was subjected to sexual harassment and discrimination during her employment as Director of Advertising at Giorgio Armani Corporation between December 1997 and October 1998.

Through its September 29, 2000 and December 21, 2000 Orders, the District Court granted summary judgment to defendants on all grounds. *Solomon v. Giorgio Armani Corp.,* No. 99–1838, slip op. at 1 (S.D.N.Y. Sept. 29, 2000); *Solomon v. Giorgio Armani Corp.,* No. 99–1838, slip op. at 1 (S.D.N.Y. Dec. 21, 2000). The District Court held that the allegedly discriminatory incidents were insufficient by themselves to constitute a hostile work environment. *Id.* at 6. The District Court found that although "boorish and inappropriate behavior" portrayed in certain alleged incidents could suggest harassment, these incidents alone did not constitute " 'discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive working environment.' " *Id.* at 7–8 (quoting *Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 765 (2d Cir.1998) (alteration in original).

After reviewing the grant of summary judgment *de novo, Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999), we affirm substantially for the reasons stated by the District Court in its September 29, 2000 and December 21, 2000 Orders.

For the reasons set forth above, the judgments of the District Court are hereby AFFIRMED.